UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80748-CIV-MARRA

WESTFIELD INSURANCE CO., a
foreign corporation,

Plaintiff,

vs.

NORTHLAND INSURANCE CO.,

Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiff's Motion to Strike Defendant's Affirmative Defenses or, Alternatively, for a More Definite Statement (DE 6), filed August 8, 2008. The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

On July 10, 2008, Plaintiff Westfield Insurance Co. ("Plaintiff") filed a Complaint (DE 1) for Declaratory Relief and Equitable Subrogation against Defendant Northland Insurance Co. ("Defendant"). In sum, the Complaint centers on which insurer should provide coverage for the subject accident. According to the Complaint, the accident involved bodily injuries sustained when an individual attempted to climb into a trailer that was attached to a truck insured by Defendant. By virtue of this attachment, Plaintiff alleges that Defendant is the primary, not excess, insurer for this accident. (DE 1.)

On August 4, 2008, Defendant filed an Answer and Affirmative Defenses. (DE 4.) In setting forth its first affirmative defense, Defendant states that "Plaintiff's Complaint fails to state

a claim from which relief may be granted." The third affirmative defense states that "Defendant does not provide coverage for the subject incident pursuant to the terms, conditions, exclusions, etc., in its policy, which are incorporated herein by reference." (DE 4.) Plaintiff moves to strike these affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Alternatively, Plaintiff moves for a more definite statement.

In response, Defendant asserts that affirmative defense one and three must be read together. According to Defendant, affirmative defense three seeks to deny coverage for the subject accident under its policy and is therefore responsive to the allegations in the Complaint regarding coverage. Defendant contends that paragraph 23 of its Answer, which denies that the trailer was attached to Defendant's insured truck at the time of the accident, provides an adequate factual basis for both affirmative defenses one and three. According to Defendant, if the trailer was not attached to the truck, there is no coverage under Defendant's policy. Defendant also argues that this same factual basis supports affirmative defense one.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. Fed. R. Civ. P. 12(f). Motions to strike, however, are generally disfavored by the court. See Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991). The reason is that courts consider striking a pleading to be a "drastic remedy to be resorted to only when required for the purposes of justice." Augustus v. Bd. of Pub. Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir.1962)[1] quoting Brown & Williamson Tobacco Corp. v. United

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and

States, 201 F.2d 819, 822 (6th Cir. 1953). That stated, an affirmative defense may be stricken if the defense is "insufficient as a matter of law." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) citing Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. Id.

With respect to both of the challenged affirmative defenses, the Court finds that they have not been pled with adequate specificity to give fair notice of the defenses asserted. That failure, however, does not render these affirmative defenses insufficient as a matter of law and subject to a motion to strike. Instead, as Plaintiff recognizes by seeking the alternative relief of a motion for a more definite statement, the lack of specificity is best dealt with under Rule 12(e) of the Federal Rules of Civil Procedure. That Rule requires a more definite statement when a pleading is "vague" or "ambiguous." Fed.R.Civ.P. 12(e). The Court notes that Defendant's response memorandum does provide additional specificity that may support these affirmative defenses. See Wiemer v. Felberbaum & Associates, P.A., No. 07-80934-CIV, 2008 WL 299016, at * 2 (S.D. Fla. Feb. 1, 2008) (granting leave to amend affirmative defense when affirmative defense merely asserted failure to state a claim upon which relief can be granted). Furthermore, although labeled affirmative defenses, Defendant's argument in opposing the instant motion suggests that the challenged affirmative defenses are actually denials of Plaintiff's claim. See Bluewater Trading LLC v. Willmar USA, Inc., No. 07-61284-CIV, 2008 WL 4179861, at * 2 (S.D. Fla.

---

the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Sept. 9, 2008) (a statement that alleges a defect in the plaintiff's prima facie case is a denial, not an affirmative defense, and should not be stricken).  Therefore, Defendant is granted leave to amend for the purpose of stating legally supportable affirmative defenses.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Defendant's Affirmative Defenses or, Alternatively, for a More Definite Statement (DE 6) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's Motion to Strike is **DENIED**.  Plaintiff's Motion for a More Definite Statement is **GRANTED**.  Defendant is granted leave to amend its affirmative defenses **within ten days of the date of entry of this Order**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of October 2008.

_____
KENNETH A. MARRA
United States District Judge